# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|   |   |   |
|---|---|---|
| DAVID K. BEATY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 12-1458-JWL |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding that any error in the Administrative Law Judge's (ALJ's) failure to specifically evaluate Listing 8.04 is harmless, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision below.

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

Plaintiff applied for SSD and SSI alleging disability beginning November 30, 2009. (R. 10, 157-67).[2] In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges only that the ALJ erred at step three of the Commissioner's five-step sequential evaluation process by evaluating his diabetic foot ulcer pursuant to Listing 1.08 (soft tissue injury - e.g., burns) rather than Listing 8.04 (chronic infections of the skin or mucous membranes).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

---

[2]Plaintiff's application for SSI benefits alleges an onset of disability on October 31, 2006 (R. 164), but the ALJ found an alleged onset date of November 30, 2009, and Plaintiff does not claim error in that finding.

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is unnecessary, and affirms the ALJ's decision because his step-three error was harmless and because Plaintiff points to no other error in the decision.

## II.  Step Three Error

Plaintiff argues that the ALJ erred at step three because counsel argued at the hearing that Plaintiff's condition meets or equals Listing 8.04 due his recurrent right great toe diabetic ulcer, but that the ALJ evaluated his condition under Listings 1.04, 1.08, and 11.14, and failed to consider that condition under Listing 8.04. (Pl. Br. 10). The Commissioner admits that Plaintiff argued at the hearing that he met or equaled Listing 8.04 and that the ALJ evaluated the great toe ulcer under Listing 1.08 instead. (Comm'r

Br. 9). She argues that this error is, nonetheless, harmless because the evidence does not satisfy the criteria of Listing 8.04, because Plaintiff worked for years despite the recurring toe ulcer, and because Plaintiff continued to look for work during the time for which he alleges disability from the toe ulcer. Id. at 10-13. Finally, the Commissioner summarizes her argument, asserting that "the claimant's impairments did not meet or equal the criteria of any Listing, and that 'no reasonable factfinder could conclude otherwise.'" Id. at 14 (quoting Fisher-Ross v. Barnhart, 431 F. 3d 729, 735 (10th Cir. 2005)). In his reply, Plaintiff argues that the Commissioner's assertions of harmless error are merely post-hoc rationalizations which the court may not consider, and the ALJ did not cite to record evidence regarding Listing 8.04 upon which the court might properly rely.

### A. Standard for Evaluating Step Three

The Commissioner has provided a "Listing of Impairments" which describes certain impairments that she considers disabling. 20 C.F.R. §§ 404.1525(a), 416.925(a) (2012); see also, Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. Williams, 844 F.2d at 751; see Bowen v. Yuckert, 482 U.S. 137, 141 (1987) (if claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled"). However, plaintiff "has the burden at step three of demonstrating, through medical evidence, that his impairments 'meet all of the specified medical criteria' contained in a particular listing." Riddle v. Halter, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting

Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in Zebley)); see also, Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (burden shifts to Commissioner at step five). "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. Zebley, 493 U.S. at 530.

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" Zebley, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)). The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." Yuckert, 482 U.S. at 153. "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively." Caviness v. Apfel, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

As the ALJ recognized, effective June 7, 2011 diabetes is no longer a listed impairment, but section 9.00 of Part 404, Subpart P, Appendix 1, "Endocrine Disorders" provides guidance for evaluating endocrine disorders such as diabetes. 76 Fed. Reg. 19692 (April 8, 2011). In evaluating diabetes, Appendix 1 requires that any impairments resulting from diabetes be evaluated "under the listing for other body systems." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 9.00(B). The Appendix provides examples of certain

6

impairments commonly resulting from chronic hyperglycemia, and the corresponding Listings under which they are evaluated:

> For example, we evaluate diabetic peripheral neurovascular disease that leads to gangrene and subsequent amputation of an extremity under 1.00; diabetic retinopathy under 2.00; coronary artery disease and peripheral vascular disease under 4.00; diabetic gastroparesis that results in abnormal gastrointestinal motility under 5.00; diabetic nephropathy under 6.00; poorly healing bacterial and fungal skin infections under 8.00; diabetic peripheral and sensory neuropathies under 11.00; and cognitive impairments, depression, and anxiety under 12.00.

20 C.F.R., Pt. 404, Subpt. P, App. 1 § 9.00(B)(5)(a)(ii).

Listing 8.04 requires "extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 8.04. The Listings for skin disorders further define "extensive skin lesions" as "those that involve multiple body sites or critical body areas, and result in a very serious limitation." Id. § 8.00(C)(1). They cite as examples of such extensive skin lesions, those that interfere with joint motion and very seriously limit use of more than one extremity; those in the palms of both hands which very seriously limit fine and gross motor movements; and those on the soles of both feet, both inguinal areas, or the perineum which very seriously limit the ability to ambulate. Id. § 8.00(C)(1)(a-c).

### B. The ALJ's Findings

Here, despite Plaintiff's argument at the hearing that his condition meets or equals Listing 8.04, the ALJ evaluated the condition pursuant to Listing 1.08, and determined that Listing is not met or equaled because Plaintiff's right great toe diabetic ulcer is not

7

under continuing surgical management. (R. 15). The ALJ did not even acknowledge in the decision that Plaintiff had alleged Listing 8.04 is met or equaled.

### C. Analysis

The Commissioner acknowledges that the ALJ erred in failing to evaluate Plaintiff's condition pursuant to Listing 8.04, but she argues that the error was harmless because the evidence demonstrates Plaintiff's condition does not satisfy the criteria of Listing 8.04. Plaintiff argues that the court may not rely upon the Commissioner's allegedly post-hoc rationalization because the ALJ did not cite to record evidence regarding Listing 8.04 upon which the court might properly rely.

Fisher-Ross v. Barnhart, a case cited by the Commissioner, contains the appropriate standard to be applied by the court in this case. In Fisher-Ross, the ALJ made a general finding at step three that there was no impairment or combination of impairments that meets or equals the criteria of any listed impairment, but did not specifically identify any particular impairment. 431 F.3d at 731-32. Fisher-Ross argued before the district court that the ALJ erred because he failed to discuss the particular evidence he relied upon to reach the step three determination. Id. at 732. Although the district court recognized that step three error might be harmless, it determined that the error was not harmless in that case because the court could not determine what evidence or what Listing the ALJ considered or how the ALJ analyzed the evidence, and it could not, therefore, determine whether a reasonable fact-finder could have decided otherwise than the ALJ. Id. The court went on to affirm the ALJ's alternative findings at steps four

and five that Fisher-Ross was able to perform her past relevant work and was able to perform other work existing in significant numbers in the economy. Fisher-Ross, 431 F.3d at 732. Nevertheless, the court remanded for reconsideration of the step three finding, and stated that if "the ALJ provided a sufficiently explicit rejection of Claimant's disability claim at step three, benefits would stand properly denied because the court had concluded that the ALJ's analysis of steps four and five was supported by substantial evidence." Id. at 732-33 (quotation marks omitted).

On appeal, the Commissioner argued that remand for error at step three was an unwarranted formality because the specific step four and step five findings preclude a finding that Plaintiff's condition meets or equals a Listing at step three. Id. at 733. The court agreed, and held that where an ALJ's "confirmed findings at steps four and five of his analysis, coupled with indisputable aspects of the medical record, conclusively preclude Claimant's qualification under the listings at step three," any error at step three is harmless. Id. at 735.

Applying the teaching of Fisher-Ross, the court finds that any error in failing to consider Listing 8.04 in this case was harmless. The ALJ found at step five of the sequential evaluation process that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, represented by jobs such as Office Helper, Recreation Aide, and Cashier II (R. 19-20), and Plaintiff does not argue that this finding is error. However, he does argue that the ALJ did not make any factual findings about Plaintiff's condition as it relates to Listing 8.04, and that, therefore, the court's

9

determination to address such considerations would constitute post-hoc rationalization in which the court may not engage.

The court finds in accordance with Fisher-Ross that remand for further consideration at step three would be a mere formality because no reasonable factfinder could conclude that the criteria of Listing 8.04 are met or equaled. This is so because the record does not demonstrate that Plaintiff's skin lesions persist for at least three months despite continuing treatment, and because the record does not demonstrate that the lesions very seriously limit the use of more than one extremity or occur in the palms of both hands or in the soles of both feet.

As the ALJ noted, the ulcer on Plaintiff's right great toe becomes infected at least once every three months and takes up to a month to heal (R. 16) and through the years there have been periods of waxing and waning (R. 17), but there is no evidence suggesting that the lesions have persisted for at least three months, and Plaintiff does not argue before this court that they do. Further, the ulcer is on the right great toe, and there is no evidence suggesting that the use of more than one extremity is very seriously limited or that there are lesions on the soles of both feet. Moreover, as the ALJ found, "the record shows that not only has the claimant functioned with this impairment for many years, he has also been able to work during that time." (R. 16). To the extent Plaintiff argues that although his condition does not meet Listing 8.04, it equals the severity of that Listing, he does not point to evidence that something other than his diabetes very seriously limits the use of a second extremity, that his condition very seriously limits his

ability to ambulate, or that something in this case otherwise accounts for recurring, disabling, persistence for at least three months at a time.

Plaintiff's suggestion that the court's appeal to evidence in the record which was not specifically cited by the ALJ, or to Listing 8.04 which was not specifically cited by the ALJ is mere post-hoc rationalization of the ALJ's decision, does not require a different outcome. The rationale for the ALJ's step three determination was that the "claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 14).

The court's discussion above does not provide a post-hoc rationale for that finding, it merely points to additional record evidence which supports that finding. To find otherwise would be to eviscerate the holding of Fisher-Ross. There, the ALJ had named no specific listed impairment that he had considered and "failed to discuss the particular evidence on which he relied to reach his step three conclusion." Fisher-Ross, 431 F.3d at 732. The court of appeals nonetheless recognized the impairments upon which the ALJ based his RFC assessment, identified the Listed Impairments to which each of those conditions relate, and considered whether the record evidence and the ALJ's step four and step five analyses might support a finding that the Listing is met or equaled. Id. at 734-35. Because the record evidence would not support a finding that all of the criteria any of those Listings was met, the court of appeals determined that no reasonable factfinder could conclude that a Listing was met, and it affirmed the Commissioner's decision. Id. at 735. That is the procedure applied by the court in this case. Evaluation of the decision

11

and the record evidence as discussed above reveals that no reasonable factfinder, on the record presented here, could find that the criteria of Listing 8.04 are met or equaled. Plaintiff makes no other allegation of error before this court.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision of the Commissioner.

Dated this 9th day of April 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**